COLLOTON, Circuit Judge,
dissenting.
In Roberts v. Accenture, LLP, 707 F.3d 1011 (8th Cir.2013), the same two qui tam relators proceeding under the False Claims Act argued that if the government proceeds with an action brought by a relator, then the relator is automatically entitled under 31 U.S.C. § 3730(d)(1) to a percentage of any “proceeds” that the government receives as a result — even if the government recovers on new claims that are factually unrelated to those brought by the relator. In response to a dissenting opinion that rejected the rela-tors’ position based on the text and structure of the statute, the court in Roberts seemingly asserted that its decision was narrower, because the district court purportedly found as a matter of fact that the claims settled by the government were the same as the claims brought by the relators. Id. at 1022. The full court then denied the government’s petition for rehearing en banc by a vote of four to three, with three judges not participating and one vacancy on the court.
The court in this case abandons any pretense that a relator’s recovery is limited to the proceeds of the claim brought by the relator and settled by the government. Instead, the court accepts the relators’ interpretation of the statute whole hog: “[WJhere the government elects to intervene in a relator’s action and receives settlement proceeds conditioned upon the dismissal of the relator’s action with prejudice, we conclude as a matter of law that the settlement funds constitute ‘proceeds of the action’ under § 3730(d)(1).” Ante, at 824. The court requires no finding of factual overlap between the relator’s claim and the claims settled by the government. Even where the settlement is attributable to factually unrelated claims that were developed and added by the government after its intervention in the action, the court construes the statute to require at least a fifteen-percent recovery for the relators. For the reasons discussed in the Roberts dissent, 707 F.3d at 1022-26 (dissenting opinion), the court’s conclusion is inconsistent with the text, structure, and purposes of the statute. The relator is entitled to a share of proceeds from the settlement of a claim brought by the relator or the proceeds of an action as brought by the relator. He should not recover proceeds from the settlement of factually unrelated claims that were not brought by the relator.
The district court did not find that the settlement in this case was based on claims that were factually related to the claims brought by the relators. Instead, the court apparently relied on its conclusion that the relators “were the catalyst leading to the Government’s settlement,” while acknowledging that the relators “were more focused on a kickback scheme that the Government asserts did not exist.” R. Doc. 237, at 7-8. As discussed in Roberts, the notion that a relator is entitled to recover proceeds of a settlement because he was a “catalyst” leading to the settlement of different claims brought by the government is not derived from the statute. “The statute allows relators to recover a percentage of the proceeds of the settlement of ‘the claim’ brought by the *827 relators, and only that claim.” 707 F.3d at 1024 (dissenting opinion).
I would vacate the judgment and remand for application of the correct legal standard.